FILED

August 2 2011

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 11-0086

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 185N

KEVIN NELSON,

        Plaintiff and Appellant,

  v.

DEPARTMENT OF REVENUE, STATE OF MONTANA,
DAN BUCKS, IN HIS OFFICIAL CAPACITY ONLY,

        Defendant and Appellee.


APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 10-1454
Honorable Russell C. Fagg, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

        Kevin Nelson (self-represented), Billings, Montana

        For Appellee:

        Teresa G. Whitney, Special Assistant Attorney General, Montana
Department of Revenue, Helena, Montana


Submitted on Briefs:  July 13, 2011
Decided:  August 2, 2011


Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Kevin Nelson (Nelson), appearing pro se, appeals from the District Court's order that granted summary judgment to the Department of Revenue (DOR), based upon res judicata and collateral estoppel. We affirm.

¶3 Nelson has opposed the creation of several tax increment financing districts (TIFD) in the City of Billings (City). We previously addressed one of Nelson's challenges in *Nelson v. Bucks*, 2010 MT 84N, 357 Mont. 558 (Table). We determined that the City had not violated Nelson's right to participate by not allowing him to review the City's application to DOR for the creation of a new TIFD. *Id*. We further determined that the City had not violated open meeting laws when it held a meeting between City officials and the director of DOR. The District Court concluded that no action had taken place at the meeting between the city officials and the director. We agreed.

¶4 Nelson now challenges the creation of one of the TIFDs. The District Court granted summary judgment to DOR based upon res judicata and collateral estoppel. The court noted that although the district in question was different, the same actors had been involved in the earlier case and Nelson had raised the same claims as he had in the earlier case. As a result,

the District Court determined that both res judicata and collateral estoppel apply to Nelson's claims. Nelson appeals.

¶5     We review de novo a district court's grant of summary judgment by using the same standard applied by the district court as set forth in M. R. Civ. P. 56. *Wing v. State*, 2007 MT 72, ¶ 9, 336 Mont. 423, 155 P.3d 1224. M. R. Civ. P. 56(c) provides that a party shall be entitled to judgment if there are "no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law." We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our Internal Operating Rules that provide for memorandum opinions. It is manifest on the face of the briefs and record before us that no genuine issues of material fact exist and that the District Court correctly applied the law regarding res judicata and collateral estoppel.

¶6     Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JIM RICE